UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS GARCIA RAMIREZ,<br>Petitioner(s),<br>v.<br>FACILITY ADMINISTRATOR,<br>Respondent(s). | CASE NO. C26-3608-KKE<br><br>ORDER DIRECTING GOVERNMENT TO FILE UPDATE ON PETITIONER'S STATUS |

This matter comes before the Court on its own motion. On September 21, 2026, Petitioner Santos Garcia Ramirez filed a petition for writ of habeas corpus, requesting that the Court order his release from detention. Dkt. No. 1. On September 25, 2026, the Government filed its return, contending that the Court should deny the petition "as moot" because Petitioner had previously filed a habeas petition and obtained relief. Dkt. No. 6 at 1–2. Judge Cartwright resolved Petitioner's first habeas petition in *Garcia Ramirez v. Warden*, No. 26-3206-TMC (W.D. Wash.), and ordered that:

> The Court agrees that Petitioner is a member of the *Rodriguez Vazquez* class. While the record here suggests that Petitioner has strong community ties and is not a flight risk, it is not the Court's role "to decide in the first instance whether a noncitizen is entitled to discretionary release on bond when the INA [Immigration and Nationality Act] commits that decision to the executive branch." *Caldera Orozco v. Hernandez*, No. 26-2313-TMC, 2026 WL 2186144, at *2 (W.D. Wash. July 29, 2026). Petitioner must first seek release from an Immigration Judge ("IJ"). If he is denied bond, Petitioner may appeal the IJ's decision to the Board of Immigration Appeals or if he can show that such an appeal would be futile, *see Vasquez Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021), he may file another habeas

> petition in federal court challenging the IJ's decision as an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024).
>
> *Id.*, Dkt. No. 8.

As a result, the Court ordered that "within fourteen days of this Order, Respondents must either release Petitioner Santos Garcia Ramirez or provide him a bond hearing under 8 U.S.C. § 1226(a)." *Id.*

That order issued on September 25, 2026. Thus, Petitioner was to be released or granted a bond hearing no later than October 9, 2026. The Government filed its return in the instant case on September 25, 2026, and Petitioner did not file a traverse (which was due on October 23, 2026). Accordingly, Petitioner's current status—i.e., whether he has been granted a bond hearing or has been released—is unknown, and the Court is unable to determine whether his current petition is moot. For these reasons, the Court directs the Government to file an update addressing:

1) Whether Petitioner was released or granted a bond hearing.
2) If Petitioner was released, the date and time of his release.
3) If Petitioner was granted a bond hearing, what the outcome of the hearing was.
4) Any other relevant information related to Petitioner's current status.

The Government's response shall be filed no later than October 28, 2026.

Dated this 26th day of October, 2026.

Kymberly K. Evanson
United States District Judge