UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANTOS GARCIA RAMIREZ,

Petitioner(s),

v.

FACILITY ADMINISTRATOR,

Respondent(s).

CASE NO. C26-3608-KKE

ORDER DENYING HABEAS PETITION

This matter comes before the Court on Petitioner Santos Garcia Ramirez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. For the reasons stated below, the Court denies the petition.

## I. BACKGROUND

This is Petitioner's second habeas petition. His first petition was filed on September 4, 2026. *See* Dkt. No. 5, *Garcia Ramirez v. Warden Facility Administrator ("Garcia Ramirez I")*, No. 26-3206-TMC (W.D. Wash.). Petitioner challenged the constitutionality of his detention and requested that the Court order the Government to release him or provide him with a bond hearing. *Id.* at 9. On September 25, 2026, Judge Cartwright granted the petition, finding that Petitioner was a member of the *Rodriguez Vasquez* class and was therefore entitled to a bond hearing under 8 U.S.C. § 1226. Dkt. No 8, *Garcia Ramirez I*, No. 26-3206 (W.D. Wash.). Judge Cartwright ordered that the Government "must either release Petitioner … or provide him a bond hearing" "[w]ithin fourteen days" of her order, which was October 9, 2026. *Id.* at 3.

Petitioner filed the instant petition on September 21, 2026—four days before his first petition was resolved. Dkt. No. 1. He challenges the constitutionality of his detention and requests "an order requiring Respondent to release him from ICE physical custody no later than 48 hours

after entry of the Court's order." *Id.* at 1. The Government filed its return on September 25, 2026, i.e., the same day Judge Cartwright issued her order in the first habeas case. The Government argues that the petition should be dismissed as moot because Petitioner "received commensurate relief through his prior petition." Dkt. No. 6 at 6. On October 26, 2026, the Court directed the Government to provide a status update addressing whether Petitioner had been released or granted a bond hearing per Judge Cartwright's order. Dkt. No. 7. In its status report, the Government explained that Petitioner received a bond hearing on October 6, 2026. Dkt. No. 8.[1] The immigration judge ("IJ") determined that Petitioner posed a flight risk and denied bond. *Id.*; *see also* Dkt. No. 9-1.

The petition is now ripe for the Court's review.

## II. LEGAL STANDARD

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

The Court finds that the instant habeas petition is impermissibly successive and should be dismissed under the abuse of the writ doctrine, which "generally forbids the reconsideration of

[1] Petitioner also filed an Emergency Motion to Enforce Habeas Order on October 26, 2026, in *Garcia Ramirez I*. Petitioner argued he was entitled to release within 24 hours "because he remain[ed] detained and ha[d] not received the bond hearing required by" Judge Cartwright's order. Dkt. No. 10, *Garcia Ramirez I*, No. 26-3206-TMC (W.D. Wash). On October 28, 2026, Judge Cartwright denied the motion to enforce because Petitioner had received a bond hearing. Dkt. No. 16, *Garcia Ramirez I*, No. 26-3206-TMC (W.D. Wash).

claims that were or could have been raised in a prior habeas petition." *Mendoza Araiza v. Hernandez*, 2026 WL 2071149, at *3 (W.D. Wash. July 17, 2026) (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011)). The doctrine may apply to successive habeas petitions challenging immigration detention. *Alaimalo*, 645 F.3d at 1049. "A successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show cause for bringing a successive petition and that prejudice would result, or that a fundamental miscarriage of justice would result from failure to entertain the claim." *Florez Martinez v. Warden*, No. 1:26-CV-06481-DC-SCR, 2026 WL 2924823, at *2 (E.D. Cal. Sept. 29, 2026); *see also Ulin Valdez v. Warden, Nw. Processing Ctr.*, No. 2:26-CV-01943-TMC, 2026 WL 2083270, at *2 (W.D. Wash. July 20, 2026) (denying petition under abuse of writ doctrine where petitioner "recycle[d] the same claim" from his earlier petition).

Like the previous petition, the current habeas petition challenges the lawfulness of Petitioner's detention and the lack of process surrounding the detention and seeks immediate release from detention. *See* Dkt. No. 1. The petition does not show cause for bringing a successive petition, such as by identifying new facts, changed circumstances, or violations that only occurred after the denial of the first petition. *See, e.g.*, *Hernandez Martinez v. Scott*, No. 2:26-CV-02098-JHC, 2026 WL 2032522, at *1 (W.D. Wash. July 13, 2026) (applying doctrine where claims "raised have already been considered … in a previous habeas petition" and there were "no alleged changed circumstances or other exception to the abuse of the writ doctrine"); *Sossa Azogue De Cuellar v. Dep't of Homeland Sec.*, No. C26-1971-MLP, 2026 WL 2123014, at *2 (W.D. Wash. July 23, 2026) (same, where the petitioner "d[id] not identify any claim in the instant petition that was unripe at the time of the First Petition or that arose only after she filed it"). Judge Cartwright already adjudicated Petitioner's claims and granted relief by directing the Government to release

Petitioner or grant him a bond hearing. Thus, Petitioner has failed to show sufficient cause to justify a successive petition, and the petition is denied under the abuse of the writ doctrine.

Petitioner argues that he is entitled to release because he has lived in this country for the past seven years, has no criminal history, has worked continuously in the construction trade, is married with two children who are U.S. citizens, is the sole financial provider for his family, and has documented support from his community and church. *See* Dkt. No. 1 at 8, 22–27. While these factors are certainly relevant to a flight-risk determination, at the time Petitioner filed this habeas petition, his bond hearing had not yet taken place. Therefore, Petitioner did not and could not have challenged the IJ's bond decision. Now that the bond hearing has taken place, should Petitioner seek to challenge the constitutional sufficiency or substance of the bond hearing, he may do so by filing a new habeas petition. *See Velasquez O v. ICE Field Office*, 26-CV-01403-TMC, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026) (explaining that claims challenging bond hearing were "new grounds for relief" and should be raised "in a new habeas petition"); *Corrales v. ICE Field Off. Dir.*, No. C26-1223-KKE, 2026 WL 2170110, at *1 (W.D. Wash. July 28, 2026) (similar).

## IV. CONCLUSION

For the reasons described above, the habeas petition (Dkt. No. 1) is DENIED. The Clerk is directed to send Petitioner the Instruction Sheet for Unrepresented (Pro Se) Immigration Habeas Corpus Cases.

Dated this 5th day of November, 2026.

Kymberly K. Evanson
United States District Judge